UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DURWIN ABBOTT

VERSUS

CAPTAIN PERCY BABIN, ET AL.

CIVIL ACTION

NO. 12-631-JJB-SCR

**RULING ON MOTIONS IN LIMINE**

This matter is before the court on the following motions in limine filed by the Plaintiff Durwin Abbott: (1) Motion [doc. 25] in Limine Regarding Comparative Fault, (2) Motion [doc. 26] in Limine to Suppress Testimony and Evidence Regarding Inmate Witnesses, and (3) Motion [doc. 27] in Limine to Suppress Testimony and Evidence. The defendants have opposed the motions. (*See* doc. 32). Jurisdiction is based on 28 U.S.C. § 1331. Oral argument is not necessary. The court will deal with each of the motions seriatim.

1. Motion in Limine Regarding Comparative Fault (Doc. 25)

The plaintiff seeks to exclude "any questioning, comments, charges, interrogatories or other mention by Defendants that may in any manner suggests [sic] that Mr. Abbott may share any comparative fault in this matter." (Doc. 25, p. 1). While the plaintiff is correct that comparative fault may not be used to mitigate damages should the defendants be found liable, the court finds that the plaintiff's request to exclude all evidence tending to show comparative fault is too broad in that it may exclude otherwise admissible evidence. Therefore, should it come up, this issue will be addressed at trial and handled according to the applicable Federal Rules of Evidence and governing law.

2. Motion in Limine to Suppress Testimony and Evidence Regarding Inmate Witnesses (Doc. 26)

1

As to this motion, the plaintiff seeks to suppress the facts of any convictions and the nature of the crime underlying the conviction for inmates called to testify in this matter. The defendants argue that such a broad ruling would be improper because they are permitted to admit previous convictions involving dishonest and false statements in order to attack the credibility of a witness. Rule 609 of the Federal Rules of Evidence permits "attacking a witness's character for truthfulness" through "evidence of a criminal conviction for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year," subject to the Rule 403 balancing test. Fed. R. Evid. 609(a)(1)(A). Additionally, Rule 609 allows the admission of evidence of a criminal conviction to attack a witness's character for truthfulness "for any crime regardless of the punishment," provided "the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2).[1]

As neither party provides the court with information concerning any specific convictions that will be presented at trial, this Court cannot presently issue such a broad prohibition as is requested by the plaintiff. Instead, the court will rule on the admissibility of evidence concerning a witness's prior conviction as the evidence is presented at the trial on the merits and in line with the Federal Rules of Evidence and governing law.

3. Motion in Limine to Suppress Testimony and Evidence (Doc. 27)

In his final motion, the plaintiff seeks to exclude the facts of his conviction, as well as any disciplinary matters during his incarceration. Because this Court cannot determine the nature of plaintiff's prior conviction, the court cannot rule on the admissibility or inadmissibility of any prior conviction. For similar reasons as provided above, the court will rule on the admissibility of

---

[1] Both of these provisions are subject to subdivision (b) of Rule 609, which provides certain rules based on the timing of the conviction. *See* Fed. R. Evid. 609(b).

evidence concerning the plaintiff's prior conviction as the evidence is presented at the trial on the merits and in line with the Federal Rules of Evidence and governing law.

Nonetheless, turning to the disciplinary charges and disciplinary report concerning the events of November 11, 2011, the defendants aver that evidence of the disciplinary court proceeding and disciplinary charges are relevant to the plaintiff's excessive force claim. In reply, the plaintiff argues that Rule 609 does not allow the use of disciplinary reports and that the disciplinary reports are inadmissible as "self-serving hearsay." (Doc. 38, p. 1).

After review the court will exclude the physical disciplinary reports. In *Johnson v. Cain*, this court provided the following in reference to a disciplinary report:

> Finally, the plaintiff seeks exclusion of a disciplinary report authored by defendant Marcus Callahan, dated August 11, 2008. This request shall be granted. Disciplinary reports prepared by security officers are out-of-court statements and, to the extent that they are offered for the truth of the matters asserted therein, constitute hearsay evidence under Rule 801(c) of the Federal Rules of Evidence. While they may be admissible under the exception to the hearsay rule provided in FRE 803(8)(c), which allows for the admission of "factual findings resulting from an investigation made pursuant to authority granted by law", this exception does not apply if "the sources of information or other circumstances indicate lack of trustworthiness." In making the "trustworthiness" determination, the focus is on the reports' reliability, *i.e.,* on whether the report was compiled or prepared in a way that indicates that its conclusions can be relied upon. *Moss v. Ole South Real Estate, Inc.,* 933 F.2d 1300 (5th Cir. 1991). Further, such reports are admissible only as to the fact-findings contained therein that are based on the knowledge or observations of the investigating officer, and are not admissible to prove the truth of the hearsay statements of other persons contained therein. *Cf., Martin v. Strain,* 2009 WL 1565869 (E.D. La., June 2, 2009) ("To the extent that defendants proffer the police reports to prove the truth of the hearsay statements of the inmate and deputy witnesses to the incident, which are contained in the reports, they are not admissible."). This Court has often concluded that disciplinary reports prepared by prison security officers who are named as defendants in litigation do not fit within the exception of Rule 803(8)(c) because they are often self-serving and are inherently untrustworthy. The disciplinary report in the instant case, authored by defendant Marcus Callahan, suffers from this deficiency and also consists of assertions relative to events not personally witnessed by defendant Callahan but told to him by other persons. Accordingly, the report should be excluded. Defendant Callahan may certainly testify as to what he personally observed on August 11, 2008, as to what he was told by the plaintiff (as non-

hearsay admissions by a party-opponent), as to the fact that the plaintiff was charged with a disciplinary violation for "Aggravated Fighting" on that date, and as to matters within his personal knowledge.

2011 WL 2437608, at *2 (M.D. La. June 17, 2011).

Based on a review of the record, it appears that the relevant disciplinary reports were prepared by Johnathan Cutrer and defendants Percy Babin and Tyrone Kilbourne. (*See* doc. 21-4, p. 5–6; doc. 21-5, p. 5–8, doc. 21-6, p. 4–9). Accordingly, in line with this Court's prior ruling in *Johnson*, the disciplinary reports prepared by defendants Babin and Kilbourne are excluded as inadmissible hearsay due to their inherent untrustworthiness. Furthermore, this court finds that the reports written by Johnathan Cutrer do not fall within the hearsay exception under Rule 803(8)(A)(iii), as these reports do not appear to have been written pursuant to a "legally authorized investigation," but rather, appear to have been composed to document the events on November 11, 2011 for some subsequent "legally authorized investigation" into the matter. Nevertheless, the defendants and other witnesses "may certainly testify as to what [they] personally observed on [November 11, 2011], as to what [they were] told by the plaintiff (as non-hearsay admissions by a party-opponent), as to the fact that the plaintiff was charged with [any] disciplinary violation . . . on that date, and as to matters within [their] personal knowledge." *Id.*

## Conclusion

Therefore, for the reasons stated, the court: (1) **DENIES** the Motion [doc. 25] in Limine Regarding Comparative Fault, (2) **DENIES** the Motion [doc. 26] in Limine to Suppress Testimony and Evidence Regarding Inmate Witnesses, and (3) **GRANTS IN PART AND DENIES IN PART** the Motion [doc. 27] in Limine to Suppress Testimony and Evidence, such

4

that the disciplinary reports, authored by Johnathan Cutrer and defendants Percy Babin and Tyrone Kilbourne, are excluded as an exhibit at trial.

Signed in Baton Rouge, Louisiana, on January 13, 2014.

```
_____
     JUDGE JAMES J. BRADY
     UNITED STATES DISTRICT COURT
     MIDDLE DISTRICT OF LOUISIANA
```

5

Case 3:12-cv-00631-JJB-SCR   Document 39   01/13/14   Page 5 of 5