UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DURWIN ABBOTT

CIVIL ACTION

VERSUS

NO. 12-631-JJB-SCR

CAPTAIN PERCY BABIN, ET AL.

## RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the Defendants Sergeant Tyrone Kilbourne, Captain Percy Babin, and Warden Steve Radar's Motion (doc. 21) for Summary Judgment. The Plaintiff Durwin Abbott opposed the motion. (Doc. 23). Jurisdiction is based on 28 U.S.C. § 1331. Oral argument is not necessary.

The present matter concerns events that allegedly occurred on November 11, 2011. As a result of the alleged events, the plaintiff filed a request for administrative remedy pursuant to the mandated Administrative Remedy Procedure (ARP). (Doc. 21-14, p. 2–6). However, the ARP Screening Office rejected the initial request for administrative remedy because it contained "multiple issues." (Doc. 21-14, p. 1, 8). The "Offender's Relief Request Form"—signed and dated January 18, 2012—clearly identified that the request had been rejected for containing multiple issues. (Doc. 21-14, p. 1). Undeterred by the rejection, the plaintiff wrote on this document that he would resubmit the *same* administrative complaint on January 24, 2012, but that he anticipated "they" would not answer because "they" were trying to cover up the situation. (Docs. 21-14, p. 1; 23-2, p. 1). After hearing nothing on his resubmission attempts, the plaintiff wrote directly to James LeBlanc, the Secretary of the Department of Public Safety and Corrections, requesting a response regarding the prior rejection of his request for administrative remedy. (Doc. 21-15, p. 1). At that point, the plaintiff received a response identified as the "Second Step Response." (Doc. 21-16, p. 2). Yet, in the document identified as "Second Step

1

Response Form," it simply provided that the initial request for administrative relief was properly rejected and that no further investigation was warranted. (Doc. 21-16, p. 1). The document did not address any substantive issue; it merely provided that the initial complaint was appropriately rejected.

Pursuant to Federal Rule of Civil Procedure 56, the defendants in the present matter filed a motion for summary judgment and asserted that summary judgment should be granted because the plaintiff failed to "exhaust" his administrative remedies prior to filing suit, as is required by the Prisoner Litigation Reform Act of 1995 (PLRA). Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. P. 56(a). The movant must demonstrate that there is no genuine issue of material fact for trial. "Procedurally, the party moving for summary judgment bears the initial burden of 'informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Taita Chemical Co., Ltd. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001) (alteration in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The nonmoving party must then "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. Rule Civ. P. 56(e)). Summary judgment may be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

The defendants contend that the plaintiff never complied with the "exhaustion" requirement because his initial request for relief was rejected due to its failure to comply with the

ARP procedural requirements, and the plaintiff never cured the deficiencies. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA requires a prisoner to exhaust 'such administrative remedies as are available' before he may file suit under § 1983 objecting to state prison conditions." *Ferrington v. Louisiana Dept. of Corrections*, 315 F.3d 529, 531 (5th Cir. 2002) (quoting 42 U.S.C. § 1997e(a)). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).

The Supreme Court previously held that the "PLRA exhaustion requirement requires *proper* exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added). "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Id.* at 95. "The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." *Id.* "A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . ." *Id.* The Supreme Court in *Woodford* provided an example to illustrate the need for proper exhaustion:

> [A] prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time. If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court. And acceptance of the late grievance would not thwart the prisoner's wish to bypass the administrative process; the prisoner could easily achieve this by violating other procedural rules until the prison administration has no alternative but to dismiss the grievance on procedural grounds. We are confident that the PLRA did not create such a toothless scheme.

*Id.* In *Jones v. Bock*, the United States Supreme Court further delineated the requirements for exhaustion under the PLRA:

> In *Woodford*, we held that to properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules,"—rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

549 U.S. at 218 (internal citations omitted).

"Since exhaustion is an affirmative defense, the burden is on [the defendants] to demonstrate that [the plaintiff] failed to exhaust available administrative remedies." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (citing *Jones*, 549 U.S. at 216). As a result, the defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Id.* (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)). In this case, the parties rely on essentially the same evidence with regards to the steps the plaintiff took to fulfill the ARP. Based on this evidence, it is clear that the plaintiff's initial request—ARP# DCI-2012-38—was rejected and the plaintiff failed to cure the deficiency. There is neither evidence nor an allegation that the plaintiff ever fixed the problem that necessitated the rejection of his initial request for administrative relief. Instead, the plaintiff primarily relies on the fact that he has a document labeled "Second Step Response" and "Second Step Response Form" in order to buttress his argument that he "exhausted" the administrative remedies. (Doc. 21-16). Nevertheless, there is no genuine issue of material fact that the plaintiff's initial request for administrative relief was rejected, and the plaintiff never corrected the deficiencies so that his request could be accepted into "Step One" of the ARP. In fact, the "Second Step Response" document simply confirms that the initial request

for administrative relief was properly rejected for failure to comply with the ARP procedural rules. (Doc. 21-16, p. 1). As the United States Supreme Court previously held, the "PLRA exhaustion requirement requires *proper* exhaustion," *Woodford*, 548 U.S. at 93 (emphasis added), and "prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,'—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218. As there is no genuine issue of material fact that the plaintiff's initial request for relief was rejected, and the plaintiff failed to cure the deficiency, summary judgment must be granted for the defendants.

Accordingly, this Court finds there is no genuine issue of material fact regarding the plaintiff's failure to comply with the "exhaustion" requirement of 42 U.S.C. § 1997e(a). Therefore, the Defendants Sergeant Tyrone Kilbourne, Captain Percy Babin, and Warden Steve Radar's Motion (doc. 21) for Summary Judgment is **GRANTED**. It is further ordered that the plaintiff's federal civil rights claims are **DISMISSED WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana, on January 30, 2014.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**